UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

D'ANDREA BROOKS,

                              Plaintiff,                      1:25-cv-00844 (BKS/PJE)

v.

HIGHER EDUCATION LOAN AUTHORITY OF THE STATE
OF MISSOURI (MOHELA),

                              Defendant.
_____

**Appearances:**

*Plaintiff Pro Se:*
D'Andrea Brooks
Albany, New York

*For Defendant Higher Education Loan Authority of the State of Missouri (MOHELA):*
Joseph V. De Santis
Thompson Coburn LLP
488 Madison Avenue
New York, NY 10022

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

      Plaintiff pro se D'Andrea Brooks filed this action against Defendant Higher Education Loan Authority of the State of Missouri (MOHELA), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). (Dkt. No. 4). Plaintiff also brings state law claims for negligence, gross negligence, and defamation of credit. (*Id.*). Presently before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13). The motion is fully briefed. (*See* Dkt. Nos. 13-1, 16, 25). For the reasons that follow, Defendant's motion to dismiss is granted in its entirety.

1

II.        **FACTS**[1]

Defendant MOHELA is a federal student loan servicer. (Dkt. No. 4, at 1). Plaintiff is a "customer of MOHELA due to [her] federal student loans." (*Id.* at 6). "On or about September 5, 2024, Plaintiff applied for mortgage refinancing with a New York State-based federal credit union." (*Id.* at 2). "During the underwriting process, the lender reviewed Plaintiff's credit reports, which contained materially inaccurate and inflated information furnished by Defendant MOHELA, including but not limited to erroneous student loan balances." (*Id.*). "As a result, Plaintiff was offered unfavorable loan terms, and the application was withdrawn due to the unaffordability of those terms[.]" (*Id.*).

"On or about December 12, 2024, Plaintiff submitted a second mortgage refinancing application to a different financial institution." (*Id.*). The loan was once again "underwritten based on a credit report that included false and misleading information from MOHELA[,]" and the "inflated debt profile caused underwriters to extend high-risk, high-interest loan terms, which Plaintiff was forced to decline." (*Id.* at 2-3).

"On or about December 16, 2024, Plaintiff applied for a new mortgage and went under contract to purchase a residential property[.]" (*Id.* at 3). However, due to "persistent credit reporting errors by Defendant," Plaintiff was again "denied access to fair and affordable mortgage financing terms[.]" (*Id.*). These financing terms "caus[ed] Plaintiff to ultimately cancel the contract," resulting in the loss of her deposit, inspection costs and the cost of an appraisal. (*Id.*).

---

[1] These facts are drawn from the Complaint and Affidavit in Support of Complaint. (Dkt. No. 4). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions asserted therein, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"On or about January 31, 2025, Plaintiff submitted a formal complaint" to the Consumer Financial Protection Bureau ("CFPB") "regarding MOHELA's failure to correct the inaccurate credit reporting." (*Id.*). On March 11, 2025, "a response was issued[.]" (*Id.*). However, MOHELA "failed to correct or remove the false information." (*Id.*). "A second CFPB complaint" was submitted "on or about March 26, 2025," and another response "was received on or about May 8, 2025." (*Id.*). "Again, Defendant did not take appropriate steps to correct or remove the false entries." (*Id.*). "During this same timeframe," MOHELA "also furnished new or updated account information that was inaccurate and misleading[,]" including "the addition of erroneous account entries, inflated balances and misreported payment histories." (*Id.*). "Plaintiff had no knowledge of these accounts, never applied for or opened such accounts, and had not received any other communication or account statements related to them." (*Id.*). These "newly added entries" appeared "immediately after Plaintiff's dispute[.]" (*Id.*).

"[F]or a period of at least six consecutive months from September 2024 [to] May 2025," MOHELA has "reported materially inaccurate information to national credit reporting agencies, including but not limited to Equifax, TransUnion, and Experian." (*Id.* at 2). Plaintiff "initiated multiple disputes as provided for" under the FCRA "15 U.S.C. § 1681i and § 1681s-2(b)." (*Id.* at 7). Despite initiating these disputes, MOHELA "failed to reasonably investigate or correct the false information." (*Id.*).

### III.  STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations

3

sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See *EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

## IV.   DISCUSSION

### A.   FCRA § 1681s-2(b)

Defendant moves to dismiss Plaintiff's FCRA claim, arguing Plaintiff has failed to plead sufficient facts establishing that (1) MOHELA received notice of Plaintiff's dispute from any Consumer Reporting Agency ("CRA"),[2] and (2) MOHELA furnished inaccurate information to any CRA. (Dkt. No. 13-1, at 10-12). Plaintiff disagrees, and contends that at this stage of the litigation, her allegations "are sufficient to plausibly infer that the disputes were transmitted to MOHELA," and that she has alleged facts "sufficient to identify inaccurate reporting." (Dkt. No. 16, at 6).

---

[2] The FCRA uses the terminology "consumer reporting agency" rather than "credit reporting agency." *See* 15 U.S.C. § 1681a. However, courts use the phrases interchangeably. *See Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 76 (W.D.N.Y. 2018) ("Although [the p]laintiff uses the term '*credit* reporting agencies,' and the FCRA defines the term 'consumer reporting agency,' there does not appear to be a material difference between these terms for purposes of this motion."); *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 448 (2d Cir. 2015) (using both "credit reporting agency" and "consumer reporting agency" in FCRA context).

"Congress enacted the FCRA 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 719 (2d Cir. 2025) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). "The FCRA places obligations on three distinct entities in the consumer-lending ecosystem: furnishers of consumer credit information to CRAs, the CRAs themselves, and users of consumer credit reports." *Id.* "Furnishers include banks, card issuers, and other financial institutions that transmit information relating to debts owed by consumers to CRAs for reporting." *Id.* (citing *Galper*, 802 F.3d at 445).

Section 1681s-2(b) ("Subsection (b)") "governs a furnisher's duty to investigate after receiving notice of a consumer dispute from a CRA." *See id.* (quoting 15 U.S.C. § 1681s-2(b)). The furnisher is required to, inter alia, "conduct an investigation with respect to the disputed information," "report the results of the investigation to the consumer reporting agency," and if the disputed information "is found to be inaccurate or incomplete . . . modify that item of information." *See* 15 U.S.C. § 1681s-2(b)(1).

To state a claim under Subsection (b), a plaintiff must allege that "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with'" its obligations under Subsection (b). *Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012) (quoting *Redhead v. Winston & Winston, P.C.*, No. 01-cv-11475, 2002 WL 31106934, at *5, 2002 U.S. Dist. LEXIS 17780, at *13 (S.D.N.Y. Sept. 20, 2002)). "[T]he statute is clear that the notice triggering these duties must come from a CRA, not the consumer." *Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 99 (2d Cir. 2020) (collecting cases). The furnisher's duty to investigate "arises only when the furnisher receives notice of a dispute from a CRA." *Suluki*, 138

5

F.4th at 719 n.8. *See also Marrero v. U.S. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr. Inc., Asset-Backed Passthrough Certificates, Series 2006-HE3*, No. 21-cv-11182, 2022 WL 4072936, at *9, 2022 U.S. Dist. LEXIS 159207, at *21 (S.D.N.Y. Sept. 2, 2022) (dismissing FCRA claims based on defendants' alleged failure to conduct an adequate investigation where plaintiff did not "allege defendants received notice from a consumer reporting agency"); *Abdool v. Cap. One Bank USA*, No. 21-cv-4072, 2021 WL 4147191, at *5, 2021 U.S. Dist. LEXIS 173443, at *14 (E.D.N.Y. Sept. 13, 2021) (dismissing FCRA Subsection (b) claim where the complaint was "devoid of any allegations" that plaintiff notified a CRA of the "disputed accuracy" of the furnisher's report, and that the CRA notified the furnisher of the dispute (citation omitted)).

The Second Circuit has not addressed whether "an allegation that a plaintiff notified a CRA of disputed credit information is, standing alone, sufficient to survive a 12(b)(6) motion with respect to holding a furnisher of information [ ] liable" under Subsection (b). *Sprague*, 969 F.3d at 100 n.7. The Court noted that district courts in this circuit "have required a plaintiff to allege the furnisher received notice from a CRA to survive a motion to dismiss." *Id.* at 101, n.8 (citing *Burns v. Bank of America*, No. 03-cv-1685, 2003 WL 22990065 at *2, 2003 U.S. Dist. LEXIS 22799, at *7 (S.D.N.Y. Dec. 18, 2003), *vacated on other grounds*, 115 F. App'x 105 (2d Cir. 2004)); *see, e.g.*, *Goodman v. Discover Fin. Servs.*, LLC, No. 21-cv-7500, 2022 WL 1910136, at *3, 2022 U.S. Dist. LEXIS 99753, at *6 (S.D.N.Y. June 3, 2022); *Algende v. Bay Ridge Fed. Credit Union*, No. 14-cv-2518, 2015 WL 1014217, at *3, 2015 U.S. Dist. LEXIS 29260, at *7 (E.D.N.Y. Mar. 9, 2015).[3] Courts have, however, recognized that this should not be

---

[3] Courts in other circuits have held that a plaintiff's notification to a credit reporting agency of a dispute is enough to survive a motion to dismiss, given that it is reasonable to infer the credit reporting agency complied with their duty under the FCRA to notify the furnisher. *See Himmelstein v. Comcast of the Dist., L.L.C.*, 931 F. Supp. 2d 48, 55

6

a heavy burden. "Without any discovery, it is uncertain precisely how the plaintiffs—who would not be parties to communications between a consumer reporting agency and [the furnisher]—could have more information about the nature or timing, for example, of that exchange." *Williams v. Bayview Loan Servicing, LLC*, No. 14-cv-7427, 2016 WL 8711209, at *6, 2016 U.S. Dist. LEXIS 7760, at *18 (E.D.N.Y. Jan. 22, 2016). Given the information asymmetry and the fact that credit reporting agencies are legally obligated to inform furnishers of disputes, courts have found that an allegation that the plaintiff reported a dispute to credit reporting agency and that (upon information and belief) the agency notified the furnisher of the dispute is sufficient to survive a motion to dismiss. *See Munroe v. Nationstar Mortg. LLC*, 207 F. Supp. 3d 232, 238-39 (E.D.N.Y. 2016); *Williams*, 2016 WL 8711209, at *6, 2016 U.S. Dist. LEXIS 7760, at *18-19.

### B.   Application of the Law

Here, Defendant argues that the Complaint "lacks any factual allegation that Plaintiff notified a CRA of her alleged dispute or that MOHELA received notice of a dispute from a CRA." (Dkt. No. 13-1, at 11). The Court agrees. The Complaint contains no allegation that Plaintiff notified a CRA of any discrepancy. In her affidavit attached to the Complaint, Plaintiff alleges that she "initiated multiple disputes as provided for" under the FCRA sections § 1681i and § 1681s-2(b), (Dkt. No. 4, at 7), but the only disputes described in the Complaint itself are complaints to the Consumer Financial Protection Bureau ("CFPB"), (*see* Dkt. No. 4, at 3). The CFPB is not a CRA within the meaning of the FCRA, which defines a CRA as:

> "[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

---

(D.D.C. 2013) (collecting cases); *Sheffer v. Experian Info. Sols., Inc.*, 249 F. Supp. 2d 560, 562 n.3 (E.D. Pa. 2003); Vazquez-Garcia v. Trans Union De Puerto Rico, 222 F. Supp. 2d 150, 158–159 (D.P.R. 2002).

15 U.S.C.A. § 1681a(f). The CFPB, on the other hand, is "an independent regulatory agency tasked with ensuring that consumer debt products are safe and transparent." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 202–03 (2020); *see also* Consumer Financial Protection Bureau: About Us, https://www.consumerfinance.gov/about-us/ (last visited Jan. 21, 2026) ("The Consumer Financial Protection Bureau is a 21st century agency that implements and enforces Federal consumer financial law and ensures that markets for consumer financial products are transparent, fair, and competitive."). The Court cannot credit Plaintiff's legal conclusion that she initiated the disputes required by FCRA sections § 1681i and § 1681s-2(b) on a motion to dismiss. *See Ashcroft*, 556 U.S. at 678.

Nor has Plaintiff plausibly alleged that a CRA subsequently notified Defendant of the dispute. In her opposition brief, Plaintiff argues that the Court may "reasonably infer CRA transmission" because she "pled that she repeatedly disputed through CRAs and filed complaints with CFPB[,]" but, as described above, this assertion does not accurately describe the Complaint. (*See* Dkt. No. 16, at 5). The Complaint does not contain any allegation about a dispute through CRAs. (*See* Dkt. No. 4, at 1-5). Nor does Plaintiff allege that any CRA notified Defendant of the dispute. *See Goodman*, 2022 WL 1910136, at *3, 2022 U.S. Dist. LEXIS 99753, at *6 (dismissing FCRA Subsection (b) claims where plaintiff alleged, for the first time in his opposition papers, that he sent a CRA a copy of the notice of dispute, but there was no allegation that CRA notified the defendant of the dispute); *Algende*, 2015 WL 1014217, at *3, 2015 U.S. Dist. LEXIS 29260, at *7 (dismissing Subsection (b) claim where plaintiff did not allege that CRA informed the defendant of the dispute "as is required to trigger [d]efendant's duties under the FCRA"). Therefore, Defendant's motion to dismiss Plaintiff's FCRA Subsection (b) claim is granted.

C.  **State Law Claims**

Defendant argues that Plaintiff's negligence and defamation of credit claims must be dismissed because they are preempted by section 1681t(b)(1)(F) of the FCRA. (Dkt. No. 13, at 12-13). Plaintiff disagrees, arguing that section 1681h(e) of the FCRA "preserves state claims alleging malice or willful intent." (Dkt. No. 16, at 7).

Section 1681h(e) was enacted in 1970 as a part of the original FCRA legislation and provides, in relevant part:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, [ ] except as to false information furnished with malice or willful intent to injure such consumer.

*Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011) (quoting 15 U.S.C. § 1681h(e)). Section 1681t(b)(1)(F) was enacted in 1996, more than twenty years after FCRA first took effect, and provides that "[n]o requirement or prohibition may be imposed under the laws of any State— [ ] with respect to any subject matter regulated under— […] section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" *Id.* (quoting 15 U.S.C. § 1681t(b)(1)(F))).

The Second Circuit has "determined that the preemptory clauses set forth in § 1681h(e) and § 1681t(b)(1)(F) do not conflict." *Comunale*, 328 F. Supp. 3d at 77 (citing *Macpherson*, 665 F.3d at 47). In *Macpherson*, the Second Circuit observed:

> The extra federal remedy in § 1681s–2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s–2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

9

665 F.3d at 48 (quoting *Purcell v. Bank of America*, 659 F.3d 622 (7th Cir. 2011)). After *Macpherson*, section 1681t(b)(1)(F) "preempts any recovery for damages based on allegations of erroneous or otherwise improper furnishing—regardless of the particular statute or common law theory that plaintiff utilizes to advance her claim." *See Galper*, 802 F.3d at 449. *C.f. Comunale*, 328 F. Supp. 3d at 78 ("Consistent with the language of § 1681t(b)(1)(F), courts have found that any state law claims that relate to the 'subject matter' of § 1681s-2 are preempted by the FCRA.").

Here, Plaintiff's state common law claims for negligence, gross negligence, and defamation of credit all arose from the same conduct that gave rise to her claims under FCRA Subsection (b)—namely, that Defendant failed to correct "known inaccuracies" in her credit report and continued to report false information. (*See* Dkt. No. 4, at 4). Plaintiff's state law claims are therefore preempted by FCRA section 1681t(b)(1)(F) "because they solely involve the responsibilities under Section 1681s-2 of 'persons who furnish information to consumer reporting agencies.'" *See Sprague v. Salisbury Bank & Tr. Co.*, No. 18-cv-001487, 2019 WL 4246601, at *10, 2019 U.S. Dist. LEXIS 151739, at *25 (D. Conn. Sept. 5, 2019) (quoting 15 U.S.C. § 1681t(b)(1)(F)) (collecting cases), *aff'd*, 969 F.3d 95 (2d Cir. 2020); *Macpherson*, 665 F.3d at 47 (affirming lower court's dismissal of plaintiff's state common law claims for defamation and intentional infliction of emotional distress where "allegations of false reporting concern[ed] conduct regulated by § 1681s–2").[4]

### D.     Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2) a court should freely give leave to amend "when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.

---

[4] Because the Court finds that Plaintiff's state law claims are preempted by FCRA, the Court does not reach Defendant's arguments as to the merits of Plaintiff's state law claims.

2007). Under Rule 15(a), absent certain circumstances not at play here, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2). "Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000). But a court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (quoting *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021).

Here, FCRA preempts Plaintiff's state law claims arising from the same conduct that forms the basis of her FCRA claim, and any attempt to amend the Complaint to salvage these claims would therefore be futile. However, Plaintiff requests leave to amend the Complaint in her opposition brief "to provide additional factual detail, including CFPB complaints, and copies of the inaccurate credit report entries." (Dkt. No. 16, at 9). In recognition of Plaintiff's status as a pro se litigant, and in order to give her an opportunity to allege facts supporting her assertion that she notified certain CRAs of the dispute, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order.

Plaintiff is advised that any such Amended Complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)). The Court reminds Plaintiff that any exhibits Plaintiff wishes the

Court to consider going forward must be attached to any Amended Complaint. This means that her previous Complaint and other filings will no longer be the operative documents containing her pleadings and exhibits—everything that is essential must be contained in or attached to the Amended Complaint.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 32) is **GRANTED,** and the complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order; and it is further

**ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days, this case will be closed without further order.

**IT IS SO ORDERED.**

Dated: <u>January 21, 2026</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge